IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE KOSKI CONSTRUCTION COMPANY, an Ohio corporation; and RESERVE ENVIRONMENTAL SERVICES, INC., an Ohio corporation,<br><br>*Defendants*. | Case No. 25-cv-5618<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's

Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant The Koski Construction Company ("Koski Construction") is a corporation organized under the laws of the State of Ohio.

8. Defendant Reserve Environmental Services, Inc. ("Reserve Environmental") is a corporation organized under the laws of the State of Ohio.

## CLAIM FOR RELIEF

9. Plaintiffs hereby reallege and incorporate each allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. On or about October 28, 2012, Koski Construction directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or

at least 80% of the total value of outstanding shares of all classes of stock of Reserve Environmental.

11. On or about October 28, 2012, Reserve Environmental and Koski Construction were a group of trades or businesses under common control (the "Koski Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

12. The Koski Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

13. During all relevant times, Koski Construction was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Koski Construction was required to make contributions to the Pension Fund on behalf of certain employees.

14. The Pension Fund determined that on or about October 28, 2012, the Koski Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

15. As a result of this complete withdrawal, the Koski Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $361,152.00, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

16. On or about January 17, 2025, the Koski Controlled Group, through Koski Construction, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

17. On or about February 20, 2025, the Koski Controlled Group, through Koski Construction, received a notice from the Pension Fund, pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned the Koski Controlled Group of the consequences of its failure to pay such liability.

18. The Koski Controlled Group did not timely request review of the withdrawal liability assessment pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and timely requesting review is a statutory prerequisite to initiating arbitration under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

19. The Koski Controlled Group failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

20. Each of the Defendants, as members of the Koski Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment in favor of Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as Trustee, and against Defendants, The Koski Construction Company, and Reserve Environmental Services, Inc., and pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) $361,152.00 in withdrawal liability;

    (ii) Interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase

    Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

  (iii) An amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

  (iv) Attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

            Respectfully submitted,

            */s/ Gabrielle Pilgrim*
            Gabrielle Pilgrim (ARDC #6346422)
            CENTRAL STATES FUNDS
            Law Department
            8647 W. Higgins Road, 8th Floor
            Chicago, Illinois 60631
            847-939-2508
            gpilgrim@centralstatesfunds.org

May 20, 2025          *ATTORNEY FOR PLAINTIFFS*